SARAH ANN MORRIS, an Infant, &c., by her Guardian *vs.* WILLIAM HAZZARD.

Suit for a distributive share of an estate is a personal demand ; yet " outstanding liabilities of the estate," may be pleaded, under the statute ; or refunding security may be required by the court.

THE suit was by the only child and heir-at-law of Constantine Morris, against the administrator of his estate, for a distributive share. It was in special assumpsit, under the provisions of *Code*, 306, the declaration averring the appointment of defendant as administrator, the rendering of accounts, distributive balance, assets in hand, &c., and counting on the consequent promise to pay. These averments were proved.

The defendant, who appeared in person, objected that he was sued personally and not as administrator, and was thereby precluded from

pleading outstanding debts due from the estate; and he applied for a nonsuit on this ground; but,

*The Court* said the suit was properly brought against the defendant personally; as, upon proof of assets, it became his debt. The *Code* provides that "an action of assumpsit may be maintained against an executor or administrator for a legacy or distributive share; and assets in his hands to pay a legacy shall create a legal liability, and raise a consequent promise to pay it. There shall be a legal liability to pay a distributive share, and consequent implied promise." The facts stated in the declaration showing his appointment as administrator, his accounting, &c., are only inducement showing the foundation of the assumpsit. The verdict and judgment in a suit against him as administrator, would be a judgment against the estate; but the liability is a personal one. It is true that this produces an apparent difficulty in pleading outstanding liabilities, to which the assets are applicable, as such a plea would be more applicable to a demand against the estate, but the court apprehends it would be a good plea in this suit, as showing that there are assets applicable to the plaintiff's claim. And additionally the *Code* provides a further remedy, by authorizing the court to "exercise equitable powers, in requiring a plaintiff to give security to *refund*."

*Mr. Hazzard* then moved to amend by pleading outstanding debts, which the court refused, as the plea had been already put in, demurred to, and withdrawn; and the case had proceeded so far in the trial; but, after verdict, on his motion, supported by affidavit setting out certain judgments that had been recovered against him, they required the plaintiff to give security to refund.

                                   Verdict for plaintiff, $665 10.

*Saulsbury*, for plaintiff.